974 So.2d 1284 (2008)
In re Desmond E. McGINN.
No. 2007-B-1546.
Supreme Court of Louisiana.
February 22, 2008.

*1285 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Desmond Eugene McGinn, an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed two sets of formal charges against respondent, consisting of a total of eight counts of misconduct. The charges were considered by separate hearing committees, then consolidated by order of the disciplinary board. The board then filed in this court a single recommendation of discipline encompassing both sets of formal charges.

FORMAL CHARGES

04-DB-024

Count I  The Irvin Matter
In January 2002, Christopher Irvin paid respondent $850 to handle a divorce, including the appointment of a curator. Respondent ceased his efforts to have the curator appointed when he received information concerning the domicile of Mr. Irvin's wife; however, respondent was subsequently unsuccessful in obtaining a waiver of service from the wife. Thereafter, respondent abandoned any further efforts in the divorce proceeding. Mr. Irvin repeatedly e-mailed respondent from his military position overseas to learn the status of the divorce. On February 26, 2002, respondent answered one e-mail stating the papers had been filed, explaining the service process, and saying there were "a couple months to go." Respondent did not respond to any further e-mails and did not communicate again with Mr. Irvin in any way. In June 2002, Mr. Irvin filed a disciplinary complaint against respondent. Respondent responded to the complaint and admitted that he had not filed any pleadings or taken any action on Mr. Irvin's behalf, nor refunded any fees.
The ODC alleges that respondent's conduct violates the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee), and 1.16(d) (obligations upon termination of the representation).

*1286 Count II  The Mullinax Matter

In February 2002, Jim Mullinax retained respondent to handle a "lemon law" claim on his new vehicle. Mr. Mullinax paid respondent $500 toward the agreed $1,000 fee, with the remaining $500 to be paid at the time of filing suit. Upon contacting respondent about the status of his case, Mr. Mullinax was twice advised that respondent mailed a certified letter to the vehicle manufacturer. Mr. Mullinax then asked respondent for a copy of the letter and the certified mail receipt, but he was told that the documents had been lost by the post office. Mr. Mullinax later learned that respondent had not communicated with the vehicle manufacturer as he claimed. In August 2002, Mr. Mullinax filed a disciplinary complaint against respondent. Respondent responded to the complaint and admitted that he had not filed any pleadings or taken any action on Mr. Mullinax's behalf, nor refunded any fees.
The ODC alleges that respondent's conduct violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(6), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

Count III  The Porter Matter
In May 2003, Peggy Porter paid respondent $500 to complete a community property settlement incidental to her prior divorce. Respondent told Ms. Porter that the matter would be completed within two weeks. For the next five months, however, Ms. Porter heard nothing from respondent, despite her repeated efforts to reach him. Furthermore, during this period, Ms. Porter learned that her former husband had sold some of the community assets. In October 2003, Ms. Porter traveled from her home in Illinois to meet with respondent at his office in Shreveport. During the meeting, respondent admitted to neglecting the case, but prepared documents for Ms. Porter to approve, and stated the documents would be revised and mailed the next day. The documents were not mailed, however, and respondent did not take any further action, nor did he communicate with his client regarding the status of the matter. In November 2003, Ms. Porter filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, and he has not refunded any portion of the fee Ms. Porter paid.
The ODC alleges that respondent's conduct violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(6), and 8.1(c)/8.4(g) (failure to cooperate with the ODC in its investigation).

Count IV  The Little Matter
In February 2002, Jason Little paid respondent $750 to defend him in a civil suit. Respondent failed to contest the lawsuit or otherwise protect his client's interest, and as a result, an unopposed judgment was rendered against Mr. Little in the amount of $3,307.77, plus expert witness fees and court costs. In February 2003, Mr. Little filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, and he has not refunded any portion of the fee Mr. Little paid.
The ODC alleges that respondent's conduct violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.5(f)(6), and 8.1(c)/8.4(g) (failure to cooperate with the ODC in its investigation).

06-DB-008

Count I  The Bradley Matter
In March 2003, Albert Bradley retained respondent to assume his representation in a community property partition and disavowal of paternity matter. Mr. Bradley *1287 made payments to respondent totaling $1,300 for attorney's fees and court costs. Respondent did not enroll on Mr. Bradley's behalf or file any pleadings in the case. During Mr. Bradley's repeated attempts to communicate with respondent, only one e-mail was received from respondent with a note that he "was working on it." In April 2004, Mr. Bradley filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, and he has not refunded any portion of the fee Mr. Bradley paid.
The ODC alleges that respondent's conduct violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(6), and 8.1(c).

Count II  The Sexton Matter
In May 2002, Mr. and Mrs. Jackie Sexton paid respondent $1,300 to pursue a redhibitory action for alleged defects in their mobile home. During the initial interview, respondent drafted a petition for the Sextons to sign, and he later advised them that he had filed the suit. However, no lawsuit was ever filed on behalf of the Sextons. Respondent did not respond to repeated requests for information, and in June 2004, the Sextons filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, and he has not refunded any portion of the fee the Sextons paid.
The ODC alleges that respondent's conduct violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(6), 1.16(d), 8.1(c), and 8.4(c).

Count III  The Bachman Matter
In October 2003, Danette Bachman paid respondent $675 to file a bankruptcy proceeding. Despite over fifty phone calls to respondent's office by Ms. Bachman requesting that he file the petition, respondent failed to take any action and Ms. Bachman was forced to hire other counsel.
In July 2004, the United States Trustee contacted respondent concerning the fee paid by Ms. Bachman. Respondent sent an e-mail response stating Ms. Bachman had disappeared after hiring him, and that he had not received a phone call or letter from her in almost a year. Respondent then proceeded to file his own personal bankruptcy proceeding, and listed the $675 fee as a creditor claim. Respondent's bankruptcy case was dismissed with prejudice in September 2004.
On February 2, 2005, the bankruptcy trustee set a hearing to examine and void the transaction between Ms. Bachman and respondent to recoup the funds for the bankruptcy estate. Respondent was notified of the hearing in advance, but failed to attend. Respondent also did not answer the trustee's requests for admissions, which were then deemed admitted, and respondent was ordered to refund $675 to the debtor, Ms. Bachman. Respondent has not refunded the fee as ordered by the bankruptcy court.
In February 2005, United States Bankruptcy Judge Henley Hunter filed a complaint with the ODC, reporting respondent's false statement to the trustee that Ms. Bachman had disappeared.[1] Respondent failed to cooperate with the ODC in the investigation of Judge Hunter's complaint.
The ODC alleges that respondent's conduct violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(6), 8.1(c), 8.4(c), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

*1288 Count IV  The Beck Matter

In February 2002, Ralph Beck retained respondent to handle a child custody dispute, making payments totaling $1,300 toward respondent's fee. Respondent filed the initial petition for change of custody on behalf of Mr. Beck, but failed to take any further action. When Mr. Beck asked for the status of the matter, respondent advised he was working on getting a court date. In August 2004, after no progress and no further contact, Mr. Beck filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, and he has not refunded any portion of the fee Mr. Beck paid.
The ODC alleges that respondent's conduct violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(6), and 8.1(c).

DISCIPLINARY PROCEEDINGS
Respondent failed to answer or otherwise reply to either set of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration in either matter.

Hearing Committee Reports

04-DB-024
The hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence and that respondent violated the Rules of Professional Conduct as alleged in the formal charges. For his misconduct, the committee recommended that respondent be suspended from the practice of law for two years.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

06-DB-008
The hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence and that respondent violated the Rules of Professional Conduct as alleged in the formal charges. For his misconduct, the committee recommended that respondent be suspended from the practice of law for three years.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After reviewing the consolidated matters, the disciplinary board agreed that respondent violated the Rules of Professional Conduct as charged in both sets of formal charges. The board determined that respondent violated duties owed to his clients and to the profession, that his pattern of misconduct was knowing and intentional, and his clients were harmed. The board further noted that respondent knowingly failed to perform services, knowingly deceived his clients and made false statements, failed to refund fees, and failed to cooperate with the ODC in its investigation. The baseline sanction for these acts is disbarment.
The board found the record supports the following aggravating factors: prior disciplinary offenses,[2] dishonest or selfish *1289 motive, a pattern of misconduct, multiple offenses, substantial experience in the practice of law (admitted 1982), and indifference to making restitution. In mitigation, the board found that respondent's prior discipline was remote in time, and that he became overwhelmed when he accepted a part-time position as a misdemeanor indigent defender.
Based on the above findings and this court's prior jurisprudence, the board recommended that respondent be disbarred. The board also recommended that respondent be ordered to account for and refund all unearned fees, and that he be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The deemed admitted facts in this case establish that respondent failed to communicate with his clients, neglected the legal matters he was retained to handle, failed to refund unearned legal fees, failed to comply with his obligations upon termination of representation, made false statements and misrepresentations to clients and the judiciary, and failed to cooperate with the ODC in its investigation.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
The record supports numerous aggravating factors, including a pattern of misconduct, prior disciplinary offenses, dishonest or selfish motive, multiple offenses, substantial experience in the practice of law, and indifference to making restitution. We also apply the two mitigating factors noted by the board. Respondent's misconduct caused actual harm, if not serious injury to his clients, and his total disregard for his professional obligations indicates that he poses a substantial danger to the public. Respondent's continued indifference to rectifying the consequences of his misconduct is evident in his lack of response in the disciplinary proceedings. Based on this reasoning, we conclude that the disciplinary board's recommendation of disbarment is appropriate.
Accordingly, we will accept the disciplinary board's recommendation and disbar respondent.

*1290 DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Desmond Eugene McGinn, Louisiana Bar Roll number 9311, be disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall provide accountings to all persons subject of the formal charges, and make full restitution of any unearned legal fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
JOHNSON, J., would impose a 3 year suspension.
NOTES
[1] By this time, Ms. Bachman had produced telephone records to the court evidencing her more than fifty unsuccessful attempts to contact respondent.
[2] Respondent was privately reprimanded in 1989, and in 1994, he was admonished by the disciplinary board for failing to cooperate with the ODC in a disciplinary investigation.