*107 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM.
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael C. Weber, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
In February 2010, Mark George De-louise retained respondent to represent him in an insurance claim for damages to his home. In August 2010, the insurance company issued a living expenses check made payable both to respondent and to Mr. Delouise in the amount of $3,448.78. Respondent told Mr. Delouise that he would deposit the funds into his trust account until Mr. Delouise needed the funds. Thereafter, Mr. Delouise could not reach respondent to request the funds. In January 2012, respondent finally contacted Mr. Delouise to advise that he was working on a “million dollar case” and would return his call at a later date. Respondent failed to do so. In September 2012, Mr. De-louise hired another attorney to assist him with the claim. The disciplinary investigation subsequently revealed that respondent had deposited Mr. Delouise’s funds into a non-IOLTA account, thereby converting the funds to his own use. Mr. Delouise still has not received the funds entrusted to respondent.
In August 2013, Mr. Delouise filed a complaint against respondent with the ODC. In October 2013, an ODC investigator attempted to hand-deliver a copy of the complaint to respondent at his residence, after previous attempts at delivery of the complaint had been unsuccessful. The investigator was likewise unsuccessful.
DISCIPLINARY PROCEEDINGS
Ijn April 2014, the ODC filed one count of formal charges against respon *108 dent, alleging that his conduct as set forth above violated Rules 1.1(c) (a lawyer is required to pay bar dues and the disciplinary assessment), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.15(a) (safekeeping property of clients and third persons), 1.15(d) (failure to timely remit funds to a client or third person), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the underlying facts set forth above. Specifically, the committee found that the ODC provided respondent with multiple opportunities to assist in the investigation of this disciplinary matter and, |sfor reasons unknown, respondent was unresponsive and less than cooperative. Respondent also failed to communicate with Mr. Delouise during the representation and failed to address the several attempts made by the ODC to contact him in conjunction with the investigation of Mr. Delouise’s complaint. The committee found this conduct violated the Rules of Professional Conduct as charged in the formal charges.
The committee determined that under the ABA’s Standards for Imposing Lawyer Sanctions, the applicable baseline sanction is disbarment. The committee found the acts of respondent “are not befitting of an individual who should be engaged in the practice of law in Louisiana,” and recommended he be disbarred.
Neither respondent nor the ODC filed an objection to the committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined that respondent violated duties owed to his client, the legal system, and the legal profession. His conduct was both knowing and intentional. As the record reflects, respondent has failed to cooperate with the ODC’s requests for information and has essentially abandoned his practice. Mr. Delouise has never received his living expenses check and had to expend additional resources to hire another attorney to resolve his case. Respondent has made no attempts to return the money to Mr. Delouise. The applicable baseline sanction is disbarment.
I/The board determined the following aggravating factors are present: a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 2001), and indifference to making restitution. The only mitigating *109 factor the board found is lack of prior disciplinary history.
Turning to the issue of an appropriate sanction, the board cited several cases addressing similar misconduct, including the cases of In re: Hatfield, 08-2632 (La.2/20/09), 2 So.3d 425, and In re: Poirrier, 01-1116, 01-1118 (La.6/29/01), 791 So.2d 94. In Hatfield, the court disbarred an attorney who neglected legal matters, failed to communicate with his clients, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. In Poirrier, the court disbarred an attorney who abandoned his law practice, neglected several legal matters, failed to communicate with his clients, failed to account for or refund unearned fees and/or unused costs, failed to return his clients’ files, and failed to cooperate with the ODC.
After considering this court’s prior jurisprudence addressing similar misconduct, the board recommended respondent be disbarred. The board also recommended respondent be ordered to pay full restitution to Mr. Delouise, and that he be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has | Bbeen proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter indicates that respondent neglected a legal matter, failed to communicate with a client, and converted client funds. He also failed to cooperate with the ODC in its investigation. As such, he has violated the Rules of Professional Conduct as charged.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record further supports a finding that respondent knowingly violated duties owed to his client, the legal system, and the legal profession. His | (¡misconduct *110 caused actual harm. The applicable baseline sanction in this matter is disbarment, both pursuant to the ABA’s Standards for Imposing Lawyer Sanctions and the seminal case of Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), which sets forth general guidelines for imposing discipline in a conversion case. The aggravating and mitigating factors found by the disciplinary board are supported by the record.
In Hinrichs, we established a range of sanctions addressing misconduct involving the conversion of client funds. Specifically relevant to the instant matter is our determination that disbarment is warranted when
one or more of the following elements are present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.
Respondent’s misconduct falls into this category, as the magnitude or duration of the deprivation of funds is extensive, the client has been significantly damaged and greatly inconvenienced, and respondent has failed to make full restitution.
Accordingly, we will adopt the board’s recommendation and impose disbarment. We will further order respondent to pay restitution to his former client.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered' that Michael C. Weber, Louisiana Bar Roll number 27702, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in |7the State of Louisiana shall be revoked. It is further ordered that respondent shall make full restitution with interest to Mark George Delouise. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent has been ineligible to practice law since June 1, 2012 for failure to comply with the mandatory continuing legal education requirements. Respondent is also ine-sible for failure to file a trust account disclosure form and for failure to pay his bar dues and the disciplinary assessment.