*735 ATTORNEY DISCIPLINARY ' PROCEEDING
PER CURIAM.
|, This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Janinne Latrell Gilbert, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES

Count I

' In January 2012, Patrice' Warren retained respondent to handle her mother’s succession proceeding, for which she paid respondent a $1,500 flat fee. In February 2012, respondent e-mailed Ms. Warren and advised that she would contact her as soon as the'succession documents were completed. Thereafter, Ms. Warren attempted to contact respondent on numerous occasions without success. ' In June 2012, Ms. Warren’s husband wrote to respondent inquiring about the status of the matter' and requesting a refund of the fee paid. Respondent did not respond to the letter or return the fee.
In August 2012,r Ms. Warren sent termination letters to respondent’s, home and office addresses via certified mail. The letter to respondent’s office address was received and signed for on August 24, 2012. ■ In response, respondent -sent Ms. Warren a certified letter, dated October 1, 2012, indicating that she had prepared the necessary documents and was awaiting Ms. Warren’s approval so the documents could be executed and filed. At the time this letter was sent,’ respondent |2had already been notified that her., representation had .been terminated and that Ms. Warren had hired, another Attorney to handle the succession.
On October 12, 2012, Ms. Warren filed a complaint against respondent -with the ODC. Respondent submitted an initial response to the complaint .as required by Supreme Court Rule XIX. By letters dated January 8, 2013, February 1, 2013, November 18, 2013, and March 27, 2014, respondent was asked to provide, the ODC with a supplemental response to the complaint. When she failed to .do so, the ODC’s investigator served respondent with *736 a subpoena to appear for a sworn statement on July 15, 2014. On July 14, 2014, respondent sent a fax to the ODC, advising that she would not be present for the sworn statemeht due to a medical matter.
- The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1,3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to promptly comply with reasonable requests for information), 1.5(a) (charging an unreasonable fee), 1.5(f)(5) (failure to refund an unearned fee), 1.15(d) (prompt delivery of client funds), 1.16(a)(3) (failure to withdraw from representation following discharge), 1.16(d) (obligations upon termination of the representation), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate With the ODC in its investigation), 8.4(a) (violation of the-Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

Count II

In November 2010, Carol Joseph retained respondent to represent her interests in four Louisiana successions and one act of donation, for which she paid ^respondent $3,850. Over the next year, Ms. Joseph repeatedly attempted to contact respondent to determine the status of her legal matters, to no avail.
To complete one of Ms. Joseph’s matters, respondent needed the death certificate of Harriet Johnson. Respondent’s first attempt at obtaining the certificate was rejected by the Louisiana Department of Health and > Hospitals (“LDHH”) for failure to pay'the correct fee, as-reflected in a letter dated April 26⅛ 2011. Respondent advised Ms. Joseph that she had encountered complications with-procuring the certificate. On July 22, 2011, respondent wrote to LDHH, again attempting to obtain the certificate. Seven months later, on February 2, 2012, respondent advised Ms. Joseph that she still did not have the certificate. On February 13, 2012,. LDHH wrote a letter, to respondent advising that it did not have a death certificate for “Harriet Jenkins,” , ,
On May 25, 2012, respondent e-mailed a copy of Harriet Johnson’s death certificate to Ms. Joseph. The next day, Ms. Joseph confirmed to respondent that she-had obtained the correct certificate. On July 12, 2012, respondent wrote to Ms, Joseph, asking for information needed to locate the certificate. That day, Ms. Joseph reminded respondent that she had the correct certificate. On-November 19, 2012, respondent again wrote to Ms. Joseph requesting information to obtain the certificate. Ms. Joseph responded, “Would you PLEASE READ my email dated 5/26/12 attached above. You should know by now that you have EVERYTHING you need to proceed with this process!”
Throughout the three years of representation, Ms. Joseph’s phone calls went unanswered or not returned; e-mails and letters received only sporadic responses. Despite completing little to none of the legal work for which she' was hired, respondent returned none of the fee paid. In February 2014,- Ms. Joseph retained the services of another attorney who completed the matters for a $2,400 fee.
| ¿On November 1, 2012, Ms. Joseph filed a complaint against respondent with the ODC. Respondent submitted an initial response to the complaint as required by Supreme Court Rule XIX. In the response, respondent stated that she did not have verification that the death certificate was correct until November 26,2012; however, the e-mail advising respondent that she had the correct certificate was sent by Ms. Joseph to respondent on May 26, 2012, *737 six months earlier. By letters dated January 17, 2013, November 18, 2013, and March 27, 2014, respondent was asked to provide the ODC with a supplemental response to the complaint, addressing these inconsistencies. When she failed to do so, the ODC’s investigator served respondent with a subpoena to appear for a sworn statement on July 15, 2014. On July 14, 2014, respondent sent a fax to the ODC, advising that she would not be present for the sworn statement due to a medical matter.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4(a), 1.5(a), l:5(f)(5), 1.15(d), 8.1(b), 8.1(c), 8.4(a), and 8.4(c).

Count III

Respondent requested the assistance of attorney Raven Matthews Pillette in the representation of Valery Lewis in a workers’ compensation matter. The two attorneys agreed to share the attorney’s fee equally. Ms. Lewis approved of Ms. Pil-lette’s co-representation and signed an agreement to that effect. Ms. Pillette reviewed the file, participated in a February 2013 private mediation, handled settlement negotiations, participated in court-ordered status conferences, and communicated with opposing counsel and with respondent.
On February 18, 2014, orders of approval and dismissal were signed. The settlement check was mailed to respondent two days later. On March 5, 2014, in response to an inquiry from Ms. Pillette, whose earned share of the attorney’s fee lBamounted to $2,000, respondent advised that she was “awaiting the check clearance and judgment.” Thereafter, Ms. Pillette repeatedly attempted to recover her earned fees from respondent, but she was not successful. In September 2014, Ms. Pillette filed a disciplinary ■ complaint against respondent-.- Despite receiving notice of the complaint, respondent did not respond.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(d), 1.15(e) (when in the course of representation a lawyer is in possession of property in which two or more persons claim interests, the property shall be kept separate by the lawyer until thé dispute is resolved), 8.1(b), 8.1(c), 8.4(a), and 8.4(c).
DISCIPLINARY PROCEEDINGS
In February 2015, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After reviewing the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the factual allegations set forth above. Based on these factual findings, the committee determined that respondent violated the following, provisions of the Rules of.Professional Conduct: Rules 1.3, 1.4(a), 1.5(a), 1.5, 1.15, 1.16, 8.1(b), 8.1(c), 8.4(a), and 8.4(c).
lfiThe committee determined respondent violated duties owed to her clients, the public, and the legal profession. In Counts' I and II, respondent maintained inadequate communications- with her clients, performed little to no- substantial legal work, and intentionally failed to return or protect any of the unearned fees. *738 Her failure to refund unearned fees, which amounted to conversion of client funds, provide accountings, and place disputed fees in trust was knowing, inasmuch as she received requests from the client for the return of fees and then failed to take appropriate action. The misrepresentations she made to clients, her lack of response to her clients and to the ODC, and the mishandling of funds entrusted to her in Counts I, II, and III were intentional acts. Her failure to cooperate in the disciplinary investigation of all three matters was knowing.
Respondent’s failure to perform the services for which she was hired delayed her clients’ legal matters' and deprived Ms. Pillette of funds that were due her, no doubt causing them much frustration. Respondent harmed her clients by depriving them of their funds, and the client in Count II had to hire and pay another attorney to complete the work for which respondent was hired. Respondent has not returned any fees to Ms. Warren or to Ms. Joseph and has not given Ms. Pillette the attorney’s fee she earned. Based bn the ABA’s- Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is disbarment.
In aggravation, the committee found a dishonest and selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution. The sole mitigating factor found by the committee was the absence of a prior disciplinary record.
Considering these factors, as well as this court’s prior jurisprudence addressing similar misconduct, the committee recommended respondent be • disbarred. The committee also recommended that respondent be ordered to provide an accounting to Ms. Warren and to Ms. Joseph and that she refund all ^unearned fees. The committee further recommended that respondent pay Ms. Pillette the attorney’s fee owed to her. Finally, the committee recommended that respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. Based on these findings, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined respondent knowingly, if not intentionally, violated duties owed to her clients and the legal profession. Respondent caused significant harm to Ms. Warren and to Ms. Joseph by, collecting fees from them, failing to complete the work for which she was hired, and then failing to return- the unearned fees. Ms. Joseph also had to hire another attorney to complete her legal matter. Respondent caused significant harm to Ms. Pillette by failing to honor their fee-sharing arrangement or provide her with her portion of the attorney’s fee, Respondent caused the ODC. to expend additional resources by failing to cooperate in its investigations. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable, baseline sanction is debarment.
The board adopted the aggravating and mitigating factors -found by the committee. Additionally, the board found the aggravating factor of bad faith obstruction of the disciplinary proceeding ■ by intentionally *739 failing to comply with the rules or orders of the disciplinary agency.
IsAfter reviewing prior jurisprudence involving similar misconduct, the board recommended respondent be disbarred. The board also recommended respondent be required to provide accountings and pay refunds to Ms. Warren and Ms. Joseph, to pay the fee owed to Ms. Pillette, and that she be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations; If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted' in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted-matter supports a finding-that respondent neglected legal matters,- failed to communicate with clients, failed to account for or refund unearned fees, failed to properly withdraw from a representation, and |sengaged in dishonest conduct. She also failed to cooperate with- the ODC in its investigations. Based on these facts, respondent has violated- the Rules of Professional Conduct as charged.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindfül that disciplinary proceedings are designed to maintain high standards of conduct,- protect the public, preserve the integrity of the profession, and deter future misconduct; Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record further supports a finding that respondent knowingly and intentionally violated duties owed to her clients and the legal profession. Her misconduct caused actual harm. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the applicable baseline sanction is disbarment. The aggravating and mitigating factors found by the disciplinary board are supported by the record.
In recommending disbarment, the disciplinary board cited the cases of In re: Weber, 15-0982 (La.8/28/15), 177 So.3d 106, and In re: Hatfield, 08-2632 (La.2/20/09), 2 So.3d 425. In Weber, we disbarred an attorney who neglected a legal matter, failed to communicate with a client, converted client funds, and failed to *740 cooperate with the ODC in its investigation. In Hatfield, we disbarred ah attorney who neglected legal matters, failed to communicate with his' clients, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. In both Weber and Hatfield, there were several aggravating factors present and the only mitigating factor present was the absence of a. prior disciplinary record.
|1(,We agree that the'various instance's of misconduct' perpetrated by respondent are similar- in kind and substance to those present in Weber and Hatfield. . Respondent, failed to cúmplete the Warren -and Joseph matters, despite being paid a flat fee to do so.- .Respondent then refused tp return the unearned fees to those clients, causing them, significant- harm; .Respondent has also converted the fees she owed to Ms.. Pillette, After further considering the aggravating factors present in this case — in particular respondent’s indifference to making.-restitution to her clients— •we find the sanction of disbarment is fully supported.
Accordingly, we will adopt the board’s recommendation and impose disbarment. We further order respondent to pay restitution to Ms. Warren, Ms. Joseph, and Ms. Pillette. •
DECREE
■' Upon review of the findings and recommendations of the hearing committee and disciplinary board,' and considering'' the record, it is ordered that Janinne Latrell Gilbert, Louisiana Bar Roll number 30249, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be' revoked. It is further ordered that respondent shall make restitution to Patrice Warren, Carol Joseph, and Raven Matthews Pillette. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.