*164 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Murray Salinas, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
15-DB-003

The Ramer Matter

In May 2012, Joseph Ramer retained respondent to complete his divorce, which had been filed by a previous lawyer, for a $1,000 fixed fee. Respondent received an additional $500 from Mr. Ramer, but did not complete the representation. In February 2013, respondent was discharged and replaced by another attorney. Respondent promised to return the entire fee, but failed to do so.
The ODC alleged respondent’s misconduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client) and 1.5(f)(5) (failure to refund an unearned fee).
| ¿The Rusin Matter
In September 2012, Ronald Rusin hired respondent to represent him in a divorce and child custody matter, paying respondent $2,000 and agreeing to pay an additional $2,000 if the custody matter required a formal hearing. After the parties reached a temporary interim support agreement, problems emerged concerning other details of the agreement. Respondent and complainant engaged in a shouting match outside the courtroom, resulting in respondent’s discharge. At his sworn statement, respondent conceded that he owed Mr. Rusin a refund of some portion of the fee, which he failed to provide.
The ODC alleged respondent’s misconduct violated Rule 1.5(f)(5) of the Rules of Professional Conduct.

The Byrd Matter

In April 2013, Bobby Byrd hired respondent to represent him on a pending motion for reconsideration of habitual offender sentence, for which Mr. Byrd’s mother, Martha Hayes, paid respondent’s $4,000 fixed fee. Respondent enrolled as counsel and the matter was reset for a July 2013 hearing. Before the hearing, Mr. Byrd retained attorney Gerald Weeks, who appeared and handled the motion for reconsideration. Respondent has not refunded any portion of the fee.
The ODC alleged respondent’s misconduct violated Rule 1.5(f)(5) of the Rules of Professional Conduct.

The Webb Matter

In December 2011, Frederick Webb retained respondent to represent him in a criminal matter. In March 2012, Mr. Webb pleaded guilty and was sentenced to twenty years at hard labor. Thereafter, respondent failed to return the client’s file upon *165 request. He also failed to respond to the associated disciplinary complaint.
|sThe ODC alleged respondent’s misconduct violated the following provisions of the Rules of Professional Conduct: Rules 1.16 (obligations upon termination of the representation) and '8.1(c) (failure to cooperate with the ODC in its investigation).

The Hunt Matter

In April 2014, Michael Hunt hired respondent to negotiate his entry into the “re-entry program” following his felony conviction. After Mrs. Hunt paid respondent $200, she heard nothing. from, him despite the multiple phone calls she placed to his office during the month of June. Mrs. Hunt later discovered that respondent’s telephone had been temporarily disconnected. Respondent failed to respond to the associated disciplinary complaint.
The ODC alleged respondent’s misconduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3,1.5(f)(5), and 8.1(c).

The Sino Matter

In January 2013, Kristin Ellis retained respondent to represent her in a personal injury claim for injuries she sustained following a motor vehicle accident. Dr. Diane Sino treated Ms. Ellis for her injuries. During settlement negotiations, respondent contacted Dr. Sino seeking a ten percent reduction in her $1,415 bill, to which Dr. Sino agreed. In January 2014, the case settled. Ms. Ellis advised Dr. Sino about the settlement, after which Dr. Sino’s. office made repeated efforts to secure payment for services, to no avail. Respondent also failed to pay $2,985.85 to Willis Knigh-ton Health Center for outstanding medicals and failed to respond to the associated disciplinary complaint.
The ODC alleged respondent’s misconduct violated Rule 1.15 (safekeeping property of clients or third persons) of the Rules of Professional Conduct.
L15-DB-028

The Heal Matter

In November 2013, Marjorie and Kenneth Heal hired respondent to represent their son in a criminal matter in which he was facing a drug charge and a charge of possession of a firearm by a convicted felon. Mr. and Mrs. Heal paid respondent $9,000 for the representation. The defendant entered a guilty plea to the drug charge and the gun charge was dropped. Respondent agreed to draft a power of attorney for Mrs. Heal to handle her son’s business affairs, but failed to do so. Respondent failed to respond to the associated disciplinary complaint.
The ODC alleged respondent’s misconduct violated Rule 8.1(c) of the Rules of Professional Conduct.

The Lems Matter

In October 2012, Troy Lewis hired respondent to file an application for post-conviction relief. After being paid $2,000 of a $5,000 fixed fee, respondent took no significant action on behalf of Mr! Lewis, who was ultimately compelled to file the application pro se in July 2014. Respondent failed to respond to the associated disciplinary complaint.
The ODC alleged respondent’s misconduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15,8.1(c), and 8.4(c).
DISCIPLINARY PROCEEDINGS
In February 2015, the ODC filed the formal charges in 15-DB-003, and in July 2015, filed the formal charges in 15-DB-028. Respondent did not answer either set of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convine- *166 ing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). In February 2016, the matters were | .^consolidated by order of the hearing committee chair. No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.[2]

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined respondent knowingly and repeatedly violated the Rules of Professional Conduct as alleged in the formal charges.
The committee then adopted the aggravating factors referenced in the ODC’s submission: a prior disciplinary record,[3] a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of conduct, vulnerability of the victim, substantial experience in the practice of law (admitted 2003), and indifference to making restitution. The committee did not mention any mitigating factors.
Considering all of the above, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

_J^Disciplinary Board Recommendation

After reviewing these consolidated matters, the disciplinary board determined that the factual allegations of the formal charges are deemed admitted and proven by clear and convincing evidence. The board also determined that the legal conclusions of the hearing committee are supported by the factual allegations asserted in the formal charges and/or by the evidence submitted in support of the allegations. The board further determined that the committee correctly applied the Rules of Professional Conduct.
The board then determined that respondent knowingly violated duties owed to his clients and the legal profession. He engaged in a pattern of collecting fees from clients, then failing to perform little, if any, work on their legal matters. He failed to return unearned fees, which amounts to conversion of client funds. This conduct caused significant harm to his clients. He also harmed the legal profession by failing to cooperate with the ODC’s investigations, causing that office to expend additional resources. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is disbarment.
The board found that the following aggravating factors are supported by the record: a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. The board determined that no mitigating factors are supported by the record.
After also considering this court’s prior jurisprudence addressing similar miscon *167 duct, the board recommended that respondent be disbarred. The board also recommended that respondent be ordered to return Frederick Webb’s file and to provide refunds to Joe Ramer, Ronald Rusin, Martha Hayes (Bobby Byrd), 1 ^Michael Hunt, Dr. Diane Sino, Willis Knighton Health Center, and Troy Lewis. The board further recommended that respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La. 1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent neglected legal matters, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. This conduct amounts to a violation of the Rules of Professional Conduct as charged in both sets of formal charges.
18Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
The record supports a finding that respondent knowingly violated duties owed to his clients and the legal profession, causing actual harm. Respondent has engaged in a pattern of neglecting client matters and failing to return unearned fees. The baseline sanction for this type of misconduct is disbarment.
In recommending disbarment, the disciplinary board cited the cases of In re: Hatfield, 08-2632 (La. 2/20/09), 2 So.3d 425, In re: McGinn, 07-1546 (La. 2/22/08), 974 So.2d 1284, and In re: Jones-Joseph, 14-0061 (La. 2/26/14), 134 So.3d 1153. In each of these deemed admitted cases, we disbarred an attorney for neglecting several legal matters, failing to refund unearned fees, and failing to cooperate with the ODC in its investigations. Several aggrava *168 ting factors were also present in each of these cases.
Accordingly, we will adopt the board’s recommendation and disbar respondent. We will also order respondent to make restitution to his victims.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Murray Salinas, Louisiana Bar Roll number 28751, be and he hereby is disbarred. His 19name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall make restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On June 3, 2016, respondent was declared ineligible to practice law for failure to comply with, the mandatory continuing legal education requirements.

. Prior to the committee’s consideration of these consolidated matters, the ODC dismissed one count of misconduct alleged in 15-DB-028. Accordingly, this opinion does not address this dismissed count.

. In 2013, respondent was admonished for failing to cooperate with the ODC in its investigation of a complaint.