PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Chantell M. Boutté, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
Count I
In April 2015, Yolanda Williams hired respondent to represent her in a claim for injuries she sustained following a slip and fall accident at Abbeville General Hospital. Respondent advised Ms. Williams that she would contact the hospital on her behalf and work with attorney David Rutledge to file a lawsuit against the hospital. Thereafter, respondent abandoned her law practice without notice to her client. She failed to return Ms. Williams' telephone calls, e-mails, or correspondences. Mr. Rutledge also attempted to contact respondent, but received no response. Mr. Rutledge eventually had to file a protective suit on behalf of Ms. Williams. Due to respondent's lack of diligence, Ms. Williams' case was dismissed. The ODC attempted to contact respondent about this matter on numerous occasions, to no avail.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2 (scope of the representation), 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
Count II
In July 2015, Angie Perkins hired respondent to represent her in a child custody and support matter, for which she paid a $3,000 flat fee. Ms. Perkins also engaged respondent to handle a community property matter, for which she paid an advanced deposit in the amount of $3,500, to be billed at a rate of $225 per hour. A written fee agreement was signed on July 21, 2015.
Thereafter, respondent filed a petition to modify child custody and support, a motion to recuse the hearing officer, and a memo in support of recusal. In addition, respondent submitted correspondence to the court, in lieu of attendance, and a proposed judgment on the recusal. Respondent also filed a motion to reset the custody hearing, which was returned because she failed to sign the motion. Respondent performed no other work related to the child custody and support matter. Respondent performed no work in the community property matter.
After becoming frustrated with respondent's failure to communicate with her, Ms. Perkins, through her new attorney, formally discharged respondent in May 2016. Ms. Perkins requested a copy of her file, the unearned portion of the fee in the child custody and support matter, and a *864 full refund for the community property matter. Respondent did not respond to these requests.
The ODC's investigation revealed that respondent had received the advanced deposit in the amount of $3,500 on July 21, 2015. The contract between respondent and Ms. Perkins clearly states that respondent would charge an hourly rate and deduct from this deposit. Accordingly, the funds should have been deposited into a client trust account. However, respondent's trust account disclosure form, which was updated on August 14, 2015, states that she did not handle client funds and did not have a trust account. A review of the endorsement on the back of the check reflects that the check was cashed at Woodforest National Bank on July 29, 2015, not deposited into a client trust account. In addition, Woodforest National Bank is not on the list of approved/qualified banks for trust accounts, and attorneys are prohibited from maintaining a trust account with any banking institution that is not on the list of approved/qualified banks.
Respondent converted client funds to her own use. She also abandoned her law practice, failed to provide notice to her client, and failed to provide her client with a copy of her file so she could hire new counsel. The ODC attempted to contact respondent on numerous occasions, to no avail.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2, 1.3, 1.4, 1.5(f)(4) (when the client pays the lawyer an advance deposit to be used for costs and expenses, the funds remain the property of the client and must be placed in the lawyer's trust account), 1.15(a) (safekeeping property of clients or third persons), 1.16(d) (obligations upon termination of the representation), 8.1(c), 8.4(a), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
DISCIPLINARY PROCEEDINGS
In April 2017, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.
Hearing Committee Report
After considering the ODC's deemed admitted submission, the hearing committee determined that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as charged.
The committee determined that respondent violated duties owed to her clients. Respondent intentionally, knowingly, and recklessly failed to communicate with her clients. She intentionally abandoned her law practice and her clients, without notice. Respondent failed to deposit funds into an approved trust account, intentionally converting client funds to her own use. She also intentionally failed to cooperate with the ODC. Her misconduct caused actual harm. Ms. Williams' case was dismissed and nothing was done in Ms. Perkins' community property matter. Respondent failed to return her clients' files upon demand. Furthermore, she would not cooperate with the attorneys hired to replace her. Particularly troubling is respondent's handling of Ms. Perkins' money, which *865 should have been deposited into an approved trust account. Respondent ignored Ms. Perkins' demand for the return of unearned fees. She provided no explanation or justification for her acts and failures. Based on the ABA's Standards for Imposing Lawyer Sanctions , the committee determined that the applicable baseline sanction is disbarment.
In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and indifference to making restitution. The committee found no mitigating factors present.
In conclusion, the committee recommended respondent be disbarred. The committee also recommended respondent be ordered to pay the costs of this proceeding and to pay restitution to Ms. Perkins.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
Disciplinary Board Recommendation
After review, the disciplinary board determined that the hearing committee's factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. Based on these findings, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined that respondent intentionally violated duties owed to her clients, the public, the legal system, and the legal profession. She caused actual harm to her clients by neglecting and abandoning their legal matters. She caused further harm to Ms. Perkins by retaining, and essentially converting, the fees advanced by her client. Respondent's failure to fulfill her professional obligations, including her failure to accurately report her trust account information, her failure to cooperate in the ODC's investigation, and her failure to participate in the disciplinary proceedings, violated her duties as a legal professional. Such misconduct damages clients and erodes the public's confidence in lawyers and the legal system. Based on the ABA's Standards for Imposing Lawyer Sanctions , the board determined that the applicable baseline sanction is disbarment. The board agreed with the aggravating factors found by the committee and agreed that no mitigating factors are present.
After further considering the jurisprudence of this court and the multitude of aggravating factors present, the board recommended respondent be disbarred. The board also recommended respondent be ordered to make restitution to Ms. Perkins and/or the Louisiana State Bar Association's Client Assistance Fund, as appropriate. In addition, the board recommended respondent be assessed with the costs and expenses of this proceeding. Two board members dissented and would recommend a three-year suspension from the practice of law.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
*866 In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan , 01-3058 (La. 1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected legal matters, failed to communicate with clients, converted client funds, failed to properly disclose her client trust account information, and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
The record further supports a finding that respondent violated duties owed to her clients, the public, the legal system, and the legal profession. Her misconduct was at least knowing, and perhaps intentional, and caused significant actual harm to her clients. The baseline sanction for this type of misconduct is disbarment. The aggravating factors found by the hearing committee and the disciplinary board are supported by the record. Mitigating factors include the absence of a prior disciplinary record and inexperience in the practice of law (admitted 2013).
We recently disbarred an attorney for neglecting legal matters, failing to communicate with clients, failing to account for or refund unearned fees, failing to properly withdraw from a representation, engaging in dishonest conduct, and failing to cooperate with the ODC in its investigations. In re: Gilbert , 16-0044 (La. 3/4/16), 185 So.3d 734. There were several aggravating factors present and the only mitigating factor present was the absence of a prior disciplinary record.
Considering the facts of this case and the prior jurisprudence, the board's recommended sanction is appropriate. Accordingly, we will adopt the board's recommendation and disbar respondent. We will also order respondent to make restitution to Ms. Perkins and/or the Louisiana State Bar Association's Client Assistance Fund, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Chantell M. Boutté, Louisiana Bar Roll number 34897, *867 be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall make restitution to Angie Perkins and/or to the Louisiana State Bar Association's Client Assistance Fund, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

On September 9, 2016, respondent was declared ineligible to practice law for failure to pay her bar dues and the disciplinary assessment, and for failure to file her trust account registration statement. She is also ineligible to practice law for failure to comply with the mandatory continuing legal education requirements.