# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #049

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **25th day of October, 2024** are as follows:

**PER CURIAM:**

*2024-B-00520*          *IN RE: NED FRANKLIN PIERCE SONNIER, SR.*

DISBARMENT IMPOSED. SEE PER CURIAM.

SUPREME COURT OF LOUISIANA

NO. 2024-B-0520

IN RE: NED FRANKLIN PIERCE SONNIER, SR.


ATTORNEY DISCIPLINARY PROCEEDING


PER CURIAM[*]

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Ned Franklin Pierce Sonnier, Sr., an attorney licensed to practice law in Louisiana, but currently on interim suspension for threat of harm to the public. *In re: Sonnier*, 22-0584 (La. 4/8/22), 335 So. 3d 829.


**FORMAL CHARGES**

*Count I*

Roseina Courville hired respondent to represent her in a claim for damages arising out of injuries she sustained in a fall at a fast-food restaurant in February 2021. After an ongoing lack of communication with respondent, Ms. Courville learned that he did not file suit on her behalf, abandoned his law practice, and left the area. Efforts to discharge respondent in writing were not successful, as were efforts to secure the return of her file. On March 7, 2022, Ms. Courville filed a complaint against respondent with the ODC.

The ODC alleged that respondent's conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the

---

[*] Justice Jeannette Theriot Knoll, retired, appointed Justice *Pro Tempore*, sitting for the vacancy in Louisiana Supreme Court District 3.

representation), and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct.

## *Count II*

On April 2, 2022, the ODC received a letter from Chief Judge Laurie A. Hulin of the Fifteenth Judicial District Court in Abbeville. In the letter, Judge Hulin outlined respondent's failure to appear for a scheduled hearing in his client's criminal matter. Judge Hulin indicated that police officers were dispatched to locate respondent and learned in a phone call with him that respondent was in Laguna Beach, California.

The ODC alleged that respondent's conduct violated Rules 8.4(a) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.

## *Count III*

On April 1, 2022, the ODC received a letter from attorney Adrian Smith, who previously worked with respondent. Mr. Smith advised of his multiple unsuccessful attempts to communicate with respondent. Mr. Smith outlined his interaction with respondent's mother and others who shared their belief that respondent was living in California and may be having mental health and/or substance abuse issues. Mr. Smith indicated that it appeared to him that respondent had abandoned his law practice and his clients. In response to these concerns, the ODC forwarded an emergency letter to Judge Hulin (Count II) outlining respondent's apparent abandonment of his practice and the need to appoint a curator to protect the interests of his clients. The ODC also filed a petition seeking respondent's interim suspension for threat of harm to the public, which the court granted on April 8, 2022.

The ODC alleged that respondent's conduct violated Rules 8.4(a) and 8.4(d) of the Rules of Professional Conduct.

## *Count IV*

In 2018, Hung Manh Nguyen hired respondent to handle an immigration matter. Mr. Nguyen paid respondent $4,000 as an advance deposit against hourly fees to be earned in the future. Respondent informed Mr. Nguyen that he would file the necessary paperwork to address his immigration issues, including having past criminal charges "forgiven" so Mr. Nguyen would qualify for green card status in the United States. Mr. Nguyen's repeated efforts to communicate with respondent were unsuccessful and there is no evidence to show that respondent took any steps in furtherance of the representation. In March 2022, Mr. Nguyen learned that respondent had abandoned his practice and left Louisiana. On April 2, 2022, Mr. Nguyen filed a complaint against respondent with the ODC. At the time of the filing of the formal charges, Mr. Nguyen's claim in the amount of $4,000 was pending with the Louisiana State Bar Association's ("LSBA") Client Assistance Fund.

The ODC alleged that respondent's conduct violated Rules 1.3, 1.4, 1.5(f) (failure to refund an unearned fee), 1.16(d), 8.4(a), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.

## *Count V*

Roland and Melanie Landry hired respondent to file suit against their homeowner's insurer. In October 2019, Mr. and Mrs. Landry paid respondent $5,000 as an advance deposit against hourly fees to be earned in the future. Respondent performed some work in connection with the representation but did not resolve the matter, abandoning his clients and their claim. The information in

respondent's file, which was obtained through the curator's efforts, shows that he received a total of $22,700 in payments from the insurer, but he did not disburse any of these funds to his clients. On April 19, 2022, Mr. and Mrs. Landry filed a complaint against respondent with the ODC. They made a successful claim with the LSBA's Client Assistance Fund and were paid $22,700 as a result of respondent's conversion of their insurance proceeds.

The ODC alleged that respondent's conduct violated Rules 1.3, 1.4, 1.5(f), 1.16(d), 8.4(a), and 8.4(c) of the Rules of Professional Conduct.

*Count VI*

Frank Sonnier hired respondent to handle a case against his former business partner who owed $124,000 to Frank's elderly mother, Dorothea Sonnier.[1] In September 2019, Dorothea paid respondent $4,000 as an advance deposit against hourly fees to be earned in the future. Thereafter, Frank and Dorothea had a difficult time receiving timely communications from respondent. In the fall of 2021, when the lack of communication became more problematic, Frank drove to respondent's office only to discover the office was closed and all signage had been taken down. On May 31, 2022, Frank and Dorothea filed a complaint against respondent with the ODC. At the time of the filing of the formal charges, Dorothea's claim in the amount of $4,000 was pending with the LSBA's Client Assistance Fund.

The ODC alleged that respondent's conduct violated Rules 1.3, 1.4, 1.5(f), 1.16(d), and 8.4(a) of the Rules of Professional Conduct.

---

[1] Frank and Dorothea are not related to respondent.

## Count VII

In 2020, Lawrence Leger hired respondent to represent him in a wrongful eviction suit. Mr. Leger paid respondent $3,000 as an advance deposit against hourly fees to be earned in the future. Thereafter, Mr. Leger hired respondent in a second legal matter involving his mother's estate, and for this representation he paid respondent a total of $3,100. Respondent engaged in little or no communication with Mr. Leger, and he failed to reasonably move the representations forward. Respondent abandoned his practice without returning Mr. Leger's file and failed to return the unearned fee. On July 18, 2022, Mr. Leger filed a complaint against respondent with the ODC. At the time of the filing of the formal charges, Mr. Leger's claim in the amount of $6,100 was pending with the LSBA's Client Assistance Fund.

The ODC alleged that respondent's conduct violated Rules 1.3, 1.4, 1.5(f), 1.16(d), 8.4(a), and 8.4(c) of the Rules of Professional Conduct.

## Count VIII

In January 2021, respondent engaged the services of Lori Heaphy & Associates Certified Court Reporters in Lafayette. Respondent requested a copy of a deposition transcript. A copy of the transcript was prepared and furnished for the price of $562.10. Despite requesting the transcript and agreeing to pay the associated cost, respondent failed to honor his commitment. On May 13, 2022, the court reporting service filed a complaint against respondent with the ODC.

The ODC alleged that respondent's conduct violated Rules 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct.

*Count IX*

In September 2019, Stephanie Anderson (respondent's sister) and Samuel Anderson hired respondent on a contingency fee basis to assist them with an auto accident claim. Respondent abandoned their claim, and the Andersons had to hire another lawyer, who successfully settled the claim. However, it was discovered that the insurance carrier had previously sent respondent two checks totaling $9,235 as good faith payments, which he then converted to his own use. On October 26, 2022, Mr. and Mrs. Anderson filed a complaint against respondent with the ODC.

The ODC alleged that respondent's conduct violated Rules 1.3, 1.4, 1.16(d), 8.4(a), and 8.4(c) of the Rules of Professional Conduct.

*Count X*

The disciplinary complaints subject of this proceeding were forwarded to respondent at his primary bar registration address and his secondary residential address, and all were returned undelivered. After the complaints were returned, the ODC sent correspondence to an additional mailing address. Respondent did not respond to other letters and efforts made to notify him of the complaints.

The ODC alleged that respondent's conduct violated Rule 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

**DISCIPLINARY PROCEEDINGS**

In March 2023, the ODC filed formal charges against respondent as set forth above. Respondent failed to file an answer to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing

6

committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the committee's consideration.

*Hearing Committee Report*

After considering the ODC's deemed admitted submission, the hearing committee determined that the factual allegations contained in the formal charges have been established by the evidence submitted. Based upon these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.

The committee determined that respondent knowingly violated duties owed to his clients, causing both actual and potential harm. Relying on the ABA's *Standards for Imposing Lawyer Sanctions*, the committee determined that the baseline sanction is disbarment.

The committee found the following aggravating factors present: a dishonest or selfish motive, a pattern of misconduct, and multiple offenses. The committee found the only mitigating factor present is the absence of a prior disciplinary record.

Based upon these findings, the committee recommended respondent be suspended from the practice of law for one year and one day, with no credit for the time served under interim suspension. The committee also recommended respondent be ordered to make full restitution to his clients and/or the LSBA's Client Assistance Fund, as appropriate, and be ordered to pay the costs and expenses of this proceeding.

The ODC filed an objection to the hearing committee's report, arguing the recommended sanction was too lenient.

*Disciplinary Board Recommendation*

After reviewing this matter, the disciplinary board determined that the hearing committee's factual findings are not manifestly erroneous and adopted same. The board also noted that the LSBA's Client Assistance Fund has paid the following claims: $4,000 to Hung Nguyen (Count IV), $1,546 to Dorothea Sonnier (Count VI), and $1,750 to Lawrence Leger (Count VII).

Based upon these facts, the board agreed with the committee that respondent violated the Rules of Professional Conduct as charged, with exceptions as follows:

Count V – The board determined that the record does not contain clear and convincing evidence that respondent violated Rule 1.5(f). Mrs. Landry testified that she and her husband did not have to hire another attorney because there was nothing left to finish. The LSBA's Client Assistance Fund paid out $22,700, the amount of the insurance proceeds, but did not make any payment relating to an unearned fee.

Count VIII – The board found no misconduct in this count.

Count X – The board found no violation of Rule 8.1(c) because there is no evidence that respondent personally received notice of the complaints.

The board determined that respondent violated duties owed to his clients, the public, the legal system, and the legal profession. Although some of his conduct was knowing, his actions were intentionally dishonest in Counts IV, V, VII, and IX. When he left his clients and his practice, respondent knew full well that he had taken unearned fees (Counts IV and V) and insurance payments due to his clients (Counts VII and IX). He caused actual financial loss to his clients by failing to return unearned fees and by failing to disburse payments he received from insurance companies. His failure to maintain communication and act diligently caused at least a delay in the legal matters of his clients and potentially caused the loss of their rights or defenses. His lack of diligence caused actual harm to Ms. Courville (Count I), as he allowed her claim to prescribe. He caused delays in the criminal justice system

8

and expended resources of the courts and members of the bar in efforts to locate him, in having to appoint at least one public defender to represent one of his clients, and in having to appoint a curator to sort through his files to protect the interests of his abandoned clients. The many clients affected by respondent's misconduct and the widespread knowledge of his misconduct, which occurred in a small community, reflects poorly on the legal profession. Based on the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined that the baseline sanction is disbarment.

The board found the following aggravating factors present: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, vulnerability of the victims, and indifference to making restitution. The board found the following mitigating factors present: absence of a prior disciplinary record and inexperience in the practice of law (admitted 2017).[2]

After considering the court's jurisprudence addressing similar misconduct, the board recommended respondent be disbarred, retroactive to the date of his interim suspension. The board also recommended respondent be ordered to pay restitution to the LSBA's Client Assistance Fund for payments made to Mr. Nguyen, Mr. Leger, Mrs. Sonnier, and Mr. and Mrs. Landry, and that he be ordered to pay $5,002 in restitution to Mr. Anderson and $4,233 in restitution to Mrs. Anderson. The board further recommended respondent be assessed with the costs and expenses of these proceedings.

The ODC filed an objection to the board's findings of facts and law contained in its recommendation, but not to its proposed sanction of disbarment. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the case was scheduled on our docket; however, respondent failed to file a brief and therefore waived his right to oral argument. Thereafter, the ODC filed a motion waiving its right to oral argument.

---

[2] The board noted that although the record contains information suggesting that respondent may be experiencing some substance abuse or mental health problems, the record contains no medical evidence or reliable, first-hand factual information to support same.

9

We granted the ODC's motion and now consider the case based upon the record and the brief filed by the ODC.

## DISCUSSION

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57.

In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. *In re: Donnan*, 01-3058 (La. 1/10/03), 838 So. 2d 715.

The record of this deemed admitted matter supports a finding that respondent neglected client matters, failed to communicate with clients, failed to refund unearned fees, failed to return client files, abandoned his law practice, and failed to respond to notices of the associated disciplinary complaints. Based on these findings, respondent violated Rules 1.3, 1.4, 1.5(f), 1.16(d), 8.1(c), 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct.

The disciplinary board declined to find a violation of Rule 8.1(c) in Count X, noting that it was not clear whether respondent personally received notice of the

10

complaints. However, Rule 8.1(c) does not include a "knowing" component, and can be found to have been negligently violated. We have found violations of Rule 8.1(c) in instances where a lawyer abandons his clients and his firm, and then fails to respond to complaints forwarded by the ODC. *See In re: Waterwall*, 21-1443 (La. 12/21/21), 329 So. 3d 268.

We agree with the board that there is no misconduct in Count VIII, relating to the unpaid court reporter's bill. We have previously held that a lawyer's failure to pay an invoice for court reporting services does not generally constitute a violation of Rule 8.4(d). *In re: Bilbe*, 02-1740 (La. 2/7/03), 841 So. 2d 729. Furthermore, although the ODC charged respondent with a violation of Rule 8.4(c), there is no evidence in the record proving that respondent's failure to pay the particular bill in question stemmed from dishonesty or deceit. Accordingly, we will dismiss Count VIII.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Respondent violated duties owed to his clients, the public, the legal system, and the legal profession. His misconduct was at least knowing. The applicable baseline sanction is disbarment. The board's assessment of the aggravating and mitigating factors is supported by the record.

11

Case law supports the imposition of disbarment in this matter. For example, in *In re: Hawkins*, 22-0675 (La. 6/28/22), 341 So. 3d 519, an attorney abandoned his law practice, resulting in the neglect of at least six client matters, failed to communicate with his clients, failed to provide some of the clients with their files, and failed to cooperate with the ODC in its investigations. For this knowing misconduct, we disbarred the attorney. Likewise, in *In re: Boutte*, 18-0901 (La. 9/21/18), 252 So. 3d 862, an attorney abandoned her law practice, resulting in the neglect of at least two client matters, failed to communicate with her clients, failed to refund unearned fees and return a file to one client, and failed to cooperate with the ODC in its investigation. For this knowing misconduct, we disbarred the attorney and ordered her to make restitution.

Based on this jurisprudence, and after further considering that the aggravating factors far outweigh the few mitigating factors present, we find that a downward deviation from the baseline sanction is unwarranted. Accordingly, we will adopt the board's recommendation and disbar respondent, retroactive to April 8, 2022, the date of his interim suspension. In addition, we will order respondent to make full restitution to his clients and the LSBA's Client Assistance Fund, as follows:

1. To the Client Assistance Fund

    a. $4,000 for the claim paid to Hung Manh Nguyen;

    b. $22,700 for the claim paid to Roland and Melanie Landry;

    c. $1,546 for the claim paid to Dorothea Sonnier; and

    d. $1,750 for the claim paid to Lawrence Leger.

2. To Stephanie and Samuel Anderson

    a. $5,002 to Mr. Anderson; and

    b. $4,233 to Mrs. Anderson.

**DECREE**

Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Ned Franklin Pierce Sonnier, Sr., Louisiana Bar Roll number 37880, be and he hereby is disbarred, retroactive to April 8, 2022, the date of his interim suspension. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall make full restitution to his clients and the Louisiana State Bar Association's Client Assistance Fund as set forth in this opinion. All costs and expenses in the matter of this disciplinary proceeding are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.